FREELAND P. TOWNSLEY, PROSECUTOR, v. STATE OF NEW JERSEY, EDWARD L. DAVIS, POLICE JUSTICE OF THE CITY OF ORANGE, AND GROVER DEITRICH, DEFENDANTS.

Submitted May 11, 1934—Decided October 9, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Albert L. Vreeland.*

For the defendants, *Edward R. McGlynn.*

PER CURIAM.

On December 20th, 1933, the prosecutor, Freeland P. Townsley, was arrested by police officer Deitrich, for violation

of section 14, subdivision 3, of the Motor Vehicle act, which forbids the operation of a motor vehicle while under the influence of intoxicating liquor. The arrest was made pursuant to the authority of section 31, subdivision 1, of the same act.

At about nine A. M. of the same day, Mr. Vreeland, the attorney for the prosecutor, appeared before Judge Davis, police justice of the city of Orange, New Jersey, for the purpose of obtaining the release of his client. The subsequent facts are set forth in the stipulation as follows:

"Officer Deitrich had not as yet arrived and in the meantime the question of the trial date and the amount of bail was discussed and agreed upon. Judge Davis then left the bench and Howard S. Roberts, clerk of the Police Justice's Court of the city of Orange, remained to complete the matter. Thereafter, Officer Deitrich arrived, and signed the complaint and was sworn by Mr. Roberts. Mr. Roberts, however, did not at that time sign the *jurat*. He handed the warrant to Officer Deitrich for the purpose of having him serve it upon the prosecutor, who was then incarcerated across the hall in the same building. At the same time, Mr. Vreeland requested Mr. Roberts to permit him to copy the complaint and Mr. Roberts acceded to that request. When Officer Deitrich returned to the court room with the prosecutor, the warrant having been already served, Mr. Vreeland was still copying the complaint. As soon as Mr. Vreeland finished copying the complaint, and while all of the parties were still in the court room, Mr. Roberts signed the *jurat*. The bail was then posted and the prosecutor departed with memorandum designating the date for trial."

Thereafter, at the time designated for trial, the attorney for the prosecutor appeared specially raising certain objections which will be discussed hereinafter, and upon the overruling of these objections, he declined to proceed with the trial. The prosecutor was convicted, fined $200 and costs, and his license revoked for two years. The prosecutor then obtained this writ of *certiorari*.

The first point raised by the prosecutor is that the clerk of the lower court unlawfully acted in the name of the magis-

trate. This contention centers around the fact that the complaint read in part as follows:

"Before me, Edward L. Davis, police justice, city of Orange, New Jersey, personally appeared the subscriber, Officer Grover Deitrich * * *."

But the complaint was actually sworn and subscribed to before the clerk of the Police Court, because of the fact that Officer Deitrich had not as yet arrived when the police justice left the bench and the matter was left in the hands of the clerk for completion. The prosecutor suggests that the clerk is without authority to take a complaint. But that contention seems unsound in view of the provisions of section 25 of the Motor Vehicle act, which expressly states (amended laws, 1932, chapter 81) :

"All acts, whether in connection with the taking of complaints, the issuing of process, the return thereof, the taking of bail for appearance, and all proceedings preliminary to trial, including the arraignment, taking of plea and postponement of trial, and all ministerial acts and proceedings subsequent to trial may be performed by the clerk or deputy clerk of any * * * police judge * * *, and the jurisdiction so to do with respect to any violation of any provision of this act is hereby conferred."

It so happened that the arrest in this case was made under the provisions of section 31 of the Motor Vehicle act, since the offense was committed in the presence of the police officer, but there is no reason to believe that the provisions of section 25 quoted above do not apply equally well to this situation. In fact section 31, subdivision 1, distinctly says in part that (amended laws, 1931, chapter 171) :

"* * * In the event of any violation of subdivision three of section fourteen of the act of which this act is amendatory, such magistrate, clerk or deputy clerk is not readily accessible, the constable, or police officer, or motor vehicle inspector, or commissioner of motor vehicles, apprehending the offender is authorized to detain in any police station, lockup * * *."

This language clearly contemplates that the clerk of the court would still have the powers set forth in section 25 even though the arrest take place pursuant to section 31.

The objection that the clerk here acted in the name of the magistrate rather than in his own name seems specious. The error is merely clerical and cannot by any stretch of the imagination be deemed to be prejudicial to the prosecutor.

It is next objected that after the issuance of the warrant the complaint was changed to read:

"Before me, Howard S. Roberts, clerk of the Police Justice Court of the city of Orange, N. J., * * *."

This change was made at the time of trial and after the objection heretofore discussed had been raised by the prosecutor. Since this amendment in no way affects the substance of the complaint, but deals purely with its form, it certainly is not fatal to the conviction.

It is next contended that the court failed to obtain jurisdiction because the warrant was issued before the complaint was made. There is no doubt that the complaint must precede the warrant. However, nothing in the facts of this case justifies the conclusion that this course was not pursued. The stipulation of facts clearly shows that the warrant was not issued, that is, delivered to an officer for service, until after Officer Deitrich had signed and sworn to the complaint. This objection, therefore, is factually without basis.

The next contention of the prosecutor is that the complaint was not complete on its face when the warrant was issued. We see no merit in the point. This objection is based upon the fact that after the complaint was signed and sworn to by the police officer, but before the clerk signed the *jurat,* the warrant was issued to that police officer for service. It appears by the stipulation that when the warrant was thus issued, the attorney for the prosecutor requested of the clerk permission to copy the complaint, which request was granted. When the police officer returned to the court room with the prosecutor, who had been detained elsewhere in the same building, the attorney for the prosecutor was still copying the complaint. When he finished copying the complaint, the clerk signed the *jurat,* the bail was posted and the prosecutor departed with a memorandum designating the date of trial.

The prosecutor proceeds on the assumption that a complaint

is not complete until the *jurat* is actually signed by the party administering the oath. Section 25 of the Motor Vehicle act provides that the complaint shall be made by any person "in writing and duly verified." There is nothing in this language which requires that the *jurat* be signed before the warrant is issued. There is no question that the complaint was actually sworn to by the officer before the warrant was delivered to him for service.

Now in the case of *Hilsman and Burkit* ads. *Garrard,* 16 N. J. L. 124, the court had before it an application for a writ of *mandamus* to reinstate an appeal which had been dismissed because of the fact that the affidavit was not signed by the affiant. The court there said:

".An affidavit, is an oath in writing; generally speaking, it is an oath in writing, sworn before some person who hath authority to administer such oath. 1 *Jac. Law Dic., tit. "Affidavit,"* 60; 3 *Blk. Com.* 304. It is not necessary to constitute it *an affidavit,* that it should be signed by the party. He must *make it,* that is he must swear to it, and it must be in writing. In other words, it must be his oath in writing— and to entitle it to be read in court, the fact that it was sworn to by the party, whose oath it purports to be, must be certified by the officer before whom it was taken: *Which certificate is commonly called, the jurat, and must be signed by such officer. This certificate, however, is no part of the affidavit. It is only the prima facie, and competent evidence, that it is the affidavit of the person by whom it purports to have been made.* An affidavit need not be signed by the party making it, unless the statute, as is frequently the case, directs it to be so signed, or unless the case comes within some rule of court requiring such signature * * *."

The last contention is that he was not arraigned before the clerk within twenty-four hours, as required by the Motor Vehicle act. It is difficult to understand just what the prosecutor contends should have happened that did not actually occur. The attorney for the prosecutor was present in court on his behalf when the trial date and the amount of bail was discussed and settled. The prosecutor was himself present in

court when the bail was posted and was handed a memorandum designating the date for trial. This seems to be a sufficient compliance with the act. Certainly the taking of a formal plea is unnecessary. *State* v. *Bailey,* 3 *N. J. Mis. R.* 297. It appears that the prosecutor submitted to the jurisdiction of the Police Court. He posted bail and accordingly was released. No objection whatever was raised at that time to any defect in the acquisition of jurisdiction by the court. It has been held that such conduct amounts to submission to the jurisdiction of the court. *State* v. *Baker (Court of Errors and Appeals,* 1926), 102 *N. J. L.* 349.

The judgment below is affirmed, with costs.